# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **PRIME DEVELOPMENT, INC.,** | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| **HEARTLAND BANK,** | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 10-cv-756-WDS |
| | ) | |
| **DONALD SAMSON, TRUSTEE FOR PRIME DEVELOPMENT, INC.,** | ) ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is appellant's brief (Doc. 6), appellee's brief (Doc. 10), appellant's reply brief (Doc. 13), and appellant's supplemental reply brief (Doc. 18).

In its supplemental reply brief, appellant Heartland Bank ("Heartland") brings to the Court's attention the Honorable Michael J. Reagan's Memorandum and Order entered February 4, 2011, in the companion appeal[1] of *First Clover Leaf Bank v. Samson*, No. 3:10-cv-442-MJR. Judge Reagan's Order vacated the Bankruptcy Court's Orders of April 16, 2010, and May 24, 2010, and denied the Trustee's Application to Employ Attorney Specially. The Bankruptcy Court's Order dated April 16, 2010, granted the Trustee's Application to Employ Attorney Specially for the purpose of

---

[1]Both the appeal before Judge Reagan and the appeal before the undersigned judge are based upon the bankruptcy proceeding: *In Re Bankruptcy of Prime Development, Inc.*, BK 07-32082, which was filed under Chapter 7 of the United States Bankruptcy Code.

pursuing a class action claim, with the Debtor as a class representative. The Bankruptcy Court's Order dated May 24, 2010, denied First Clover Leaf Bank's motion to vacate order of April 16, 2010 and objection to Trustee's application to employ attorney specially.

Appellant in this case appeals from an Order entered by the Bankruptcy Court on August 24, 2010[2], which denied the following two motions filed by Appellant: (1) the motion to vacate, which sought to set aside the Order dated April 16, 2010[3], granting the Trustee's Application to Employ Attorney Specially for the purpose of pursuing a class action claim against Heartland, with the Debtor as a class representative, alleging that Heartland wrongfully charged interest on promissory notes; and (2) the motion to enforce, which sought to enforce a final, non-appealable order granting relief from the automatic stay entered May 14, 2008.

Appellant asserts that the Order entered by the Bankruptcy Court on April 16, 2010 authorizing special counsel, which was vacated by Judge Reagan in the companion appeal, is the very same Order at issue in this appeal, and therefore, Judge Reagan's Order renders the issues underlying this current appeal fully decided in favor of Heartland. Appellee filed nothing to dispute the assertions made in appellant's supplemental brief.

---

[2]The Order entered by the Bankruptcy Court in this case on August 24, 2010, is substantially similar to the Order of the Bankruptcy Court dated May 24, 2010 in Judge Reagan's case, in that both of these Orders denied both First Clover Leaf and Heartland's requests to set aside the Bankruptcy Court's Order entered on April 16, 2010, which authorized employment of special counsel.

[3]As previously noted, this Order is the same Order at issue both in this case and in the companion case before Judge Reagan.

## BACKGROUND

Relevant to this case are proceedings that occurred in both the Bankruptcy Court and in state court, and both will be discussed in the order of their occurrence.

On October 16, 2007, an involuntary petition for bankruptcy, *In Re Bankruptcy of Prime Development, Inc.*, BK 07-32082, was filed in the United States Bankruptcy Court for the Southern District of Illinois ("Bankruptcy Court") against Prime Development, Inc. ("Debtor") under Chapter 7 of the United States Bankruptcy Code. On November 26, 2007, Heartland filed a complaint of foreclosure in Illinois State Court. On January 23, 2008, the Bankruptcy Court entered its Order of Relief for debtor under Chapter 7, and directed the United States Trustee to appoint a trustee. On February 4, 2008, Donald M. Samson was appointed as the successor interim trustee ("Trustee"), and is the current Trustee according to the parties' pleadings. On March 26, 2008, Heartland filed a motion for relief from automatic stay, and on April 10, 2008, the Trustee filed an objection to this motion. On May 14, 2008, the Bankruptcy Court granted the motion for relief from automatic stay. Heartland obtained a judgement of foreclosure in its State Court foreclosure action on May 1, 2008. A judicial sale was conducted, Heartland purchased the property, and on August 21, 2008, the State Court entered its order confirming the sale, and listing a deficiency judgment against Debtor in the amount of $255,472.40.

Nearly two years later, on April 15, 2010, the Trustee filed an application to employ attorneys specially to pursue a potential class action against Heartland, based upon allegations that Heartland wrongfully charged interest on a promissory note.

One day later, on April 16, 2010, Bankruptcy Judge Kenneth J. Meyers entered an Order granting the Trustee's application and allowing him to employ attorneys to pursue the potential

class action against Heartland.

On April 29, 2010, the Trustee, through special counsel, filed in Illinois State Court, a petition to vacate and for relief from May 1, 2008, Judgment and August 21, 2008, Order confirming sale, and attached to that petition was a proposed complaint asserting a class action counterclaim against Heartland alleging that Heartland overcharged interest on its loans, as well as requesting a setoff.

On August 6, 2010, Heartland sent to the Trustee a letter and checks in the amount of $104.60 and $102.80 in an attempt to fully satisfy and discharge any claim that the debtor may have against Heartland under the promissory notes. According to appellee, Heartland was trying to "pick off" the claims with checks that represented only a fraction of the value of the claim.

On August 9, 2010, Heartland filed a motion to vacate the April 16, 2010, order of the bankruptcy court, and a motion seeking to enforce the final, non-appealable stay relief order. On August 23, 2010, the Bankruptcy Court held a hearing on Heartland's motion to vacate and motion to enforce. On August 24, 2010, United States Bankruptcy Judge William V. Altenberger denied Heartland's motions, and it is this Order that Heartland is currently appealing.

### STANDARD OF REVIEW AND JURISDICTION

In his Order, Judge Reagan determined that the orders at issue were interlocutory in light of the fact that they do not end the litigation, decide the merits, settle any liability, or establish damages. *See, In Re: Prime Development, Inc.*, No. 10-cv-442-MJR, Doc. 13 at 5 (S.D. Ill. February 4, 2011). The Court's jurisdiction was, in the case before Judge Reagan, and is in this case, based on 28 U.S.C. § 158(a)(3), under which the Court may entertain appeals from interlocutory orders and decrees of bankruptcy judges with leave of court. *Id*. As the Court did

4

in the companion case, this Court construes the Bank's notice of appeal to this Court as an application for leave to appeal pursuant to § 158(a)(3), and **GRANTS** leave to appeal. *Id.*

Regarding the standard of review, Federal Rule of Bankruptcy Procedure 8013 provides that:

> On an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Furthermore, a bankruptcy court's legal findings are reviewed *de novo*, and its findings of fact are reviewed for clear error. *In re Berman*, 629 F.3d 761, 766 (7th Cir. 2011).

## **ANALYSIS**

On appeal, Heartland raises the following issues: whether the Bankruptcy Court erred in denying Heartland's Motion to Vacate or Set Aside Order of April 16, 2010 Authorizing Employment of Special Counsel and Stay Debtor's Circuit Court Petition to Vacate and Motion to Enforce Final Order Granting Relief from the Automatic Stay on May 14, 2008 in that (1) the Trustee's Application to Employ Special Counsel should not have been granted because it is an impermissible attempt to set aside the Bankruptcy Court's final and non-appealable Stay Relief Order entered more than two years ago; (2) the Trustee's Application to Employ Special Counsel should not have been granted because it is barred by the doctrines of waiver, equitable estoppel and judicial estoppel; and (3) if the Order Authorizing Special Counsel is left in place and the Trustee's Petition to Vacate is ultimately successful in State Court, Heartland will suffer irreversible financial and regulatory effects from its ownership of the Property as the final State Court judgment of foreclosure was entered for which the Bankruptcy Court cannot craft an

adequate remedy.

In response, appellee asserts, *inter alia*: (1) Heartland has waived any argument related to "conflict of interest" and "best interest of the estate"; (2) Heartland fails to establish that the Bankruptcy Court erred in approving the Trustee's business judgment to pursue a claim; and (3) the Order granting relief from automatic stay does not bar the Application to Employ.

In his Order, Judge Reagan made specific rulings on these particular issues. Judge Reagan's key findings were:(1) that the Court need not determine whether particular issues were waived as they were not raised in the bankruptcy proceeding because

> they are peripheral to the core issue upon which this Court's decision rests: whether under the particular facts and circumstances of this case, the bankruptcy court erred in granting the Application to Employ Counsel Specially (as well as denying challenges thereto) and allowing the Trustee to pursue a class action lawsuit against a creditor of the Estate. Consequently, *even if* the Court were to determine that these issues were waived, the ultimate resolution of this action is unchanged.

*See, In Re: Prime Development, Inc.*, No. 10-cv-442-MJR, Doc. 13 at 6-7 (S.D. Ill. February 4, 2011); and (2) Pursuant to the Seventh Circuit ruling in *Dechert v. Cadle Co.*, 333 F.3d 801 (7th Cir. 2003):

> The Trustee has a fiduciary obligation to Prime Development's creditors, who will obtain very few benefits from any judgment or settlement of the class action. Here, too, most of the benefits would go to lawyers and other class members, so the Trustee if acting as both a fiduciary of the Estate and as a class representative, has a potential conflict of interest.

*See, In Re: Prime Development, Inc.*, No. 10-cv-442-MJR, Doc. 13 at 7 (S.D. Ill. February 4, 2011). Additionally, while there is no flat rule that a trustee in bankruptcy or other fiduciaries could never be class representative, no showing that either the recovery of individual class members could be substantial, or that only a fiduciary is available to serve as class representative

6

was made here.  *See, In Re: Prime Development, Inc.*, No. 10-cv-442-MJR, Doc. 13 at 8 (S.D. Ill. February 4, 2011).  Finally, "the Trustee is the representative of all of the Debtor's creditors and, as a result, is [also] the Bank's representative, which puts him on both sides of the controversy."  *Id.*  The Court noted that the "Trustee's concern that the Bank will be enabled to continue to overcharge thousands of commercial borrowers unaware of its fraudulent acts is easily laid to rest: another class member may bring an action which would engender no actual conflict for the Trustee because he would have no control over the litigation."  *Id.* at 8-9.

The key issue of Heartland's appeal is that the Order Authorizing Special Counsel should not have been granted, and therefore, the Bankruptcy Court erred when it entered its order dated August 24, 2010 denying Heartland's motion to vacate and motion to enforce.  Judge Reagan specifically decided this issue in Heartland's favor by vacating the Order Authorizing Special Counsel and denying the Trustee's Application to Employ Attorney Specially in the companion appeal before him.

Upon review of the record, and the Order entered by Judge Reagan in the companion case, the Court hereby **FINDS** Judge Reagan's decision to be persuasive, and **FURTHER FINDS** that the rulings therein are applicable to the case, issues, and parties to this action.  *See, In Re: Prime Development, Inc.*, No. 10-cv-442-MJR, Doc. 13 (S.D. Ill. February 4, 2011). Accordingly, the Court takes judicial notice that the underlying Bankruptcy Court's Order dated April 16, 2010, has been **VACATED**, rendering the issues underlying this appeal fully decided in favor of Heartland Bank.  In accordance with this ruling, the Court hereby **VACATES** the Bankruptcy Court's Order dated August 24, 2010, which denied Heartland's motion to vacate or set aside the Order entered April 16, 2010, and denied its motion to enforce final order granting

relief from the automatic stay dated May 14, 2008.  The Appeal in this matter is, accordingly, **DISMISSED**, and this matter is **REMANDED** for further proceedings consistent with this decision.  The Clerk of the Court is **DIRECTED** to enter judgment accordingly.  Each party shall bear its own costs.

**IT IS SO ORDERED.**

DATE:   September 26, 2011

              /s/  WILLIAM D. STIEHL
                DISTRICT JUDGE